| **Fill in this information to identify the case:** |
| --- |
| United States Bankruptcy Court for the: |
| Southern District of New York |
| Case number *(If known)*: _____ Chapter 15 |

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

| 1. | **Debtor's name** | Luckin Coffee Inc. |
| --- | --- | --- |

**2. Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)  ___ ___ – ___ ___ ___ ___ ___ ___ ___

☑ Other  324324 . Describe identifier  Cayman Registration No.

**For individual debtors:**

☐ Social Security number:  xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN):  **9** xx – xx – ____ ____ ____ ____

☐ Other _____ . Describe identifier _____ .

**3. Name of foreign representative(s)**

Alexander Lawson and Wing Sze Tiffany Wong

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

In the Matter of Luckin Coffee Inc., Grand Court of the Cayman Islands, Cause No. FSD 157 of 2020

**5. Nature of the foreign proceeding**

*Check one:*

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☑ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____

_____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☑ Yes

Debtor    Luckin Coffee Inc._____    Case number (*if known*)_____
           Name

| 8. | **Others entitled to notice** | Attach a list containing the names and addresses of: |

(i)    all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

| 9. | **Addresses** | **Country where the debtor has the center of its main interests:** | **Debtor's registered office:** |

Cayman Islands

Conyers Trust Company (Cayman) Ltd
Number      Street

P.O. Box 2681, Cricket Square, Hutchins Drive
P.O. Box

George Town, Grand Cayman
City         State/Province/Region     ZIP/Postal Code

Cayman Islands
Country

**Individual debtor's habitual residence:**

**Address of foreign representative(s):**

Flagship Building
Number      Street

Number      Street

P.O. Box 2507, 2nd Floor, 70 Harbour Drive
P.O. Box

P.O. Box

George Town, Grand Cayman
City         State/Province/Region     ZIP/Postal Code

City         State/Province/Region     ZIP/Postal Code

Cayman Islands
Country

Country

| 10. | **Debtor's website** (URL) | https://www.luckincoffee.com |

| 11. | **Type of debtor** | *Check one:* |

☑ Non-individual (*check one*):

   ☑ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

   ❑ Partnership

   ❑ Other.  Specify: _____

☐ Individual

| Debtor | Luckin Coffee Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**12. Why is venue proper in *this district*?**

Check one:

☑ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ /s/ Alexander Lawson                          Alexander Lawson
  Signature of foreign representative            Printed name

Executed on   02/05/2021
              MM / DD / YYYY

✖ /s/ Wing Sze Tiffany Wong                     Wing Sze Tiffany Wong
  Signature of foreign representative            Printed name

Executed on   02/05/2021
              MM / DD / YYYY

**14. Signature of attorney**

✖ R. Craig Martin                          Date   02/05/2021
  Signature of Attorney for foreign representative    MM / DD / YYYY

R. Craig Martin
Printed name

DLA Piper LLP (US)
Firm name

1251 Avenue of the Americas
Number          Street

New York                                    NY          10020
City                                        State       ZIP Code

(212) 335-4500                              craig.martin@us.dlapiper.com
Contact phone                               Email address

RCM1971                                     NY
Bar number                                  State

# EXHIBIT A

**IN THE GRAND COURT OF THE CAYMAN ISLANDS**

**FINANCIAL SERVICES DIVISION**

**CAUSE NO. FSD 157 OF 2020 (ASCJ)**

**IN THE MATTER OF THE COMPANIES LAW (2020 REVISION)**

**AND IN THE MATTER OF LUCKIN COFFEE INC.**

**ORDER**

UPON the application of Luckin Coffee Inc (the "Company") by its Summons dated 10 July 2020
for the appointment of joint provisional liquidators pursuant to section 104(3) of the Companies
Law (2020 Revision) (the "Companies Law")

AND UPON READING the Petition filed herein

AND UPON READING the affirmations and affidavits set out in Schedule 1 and Schedule 2
hereto

AND UPON HEARING LEADING COUNSEL for the Company in camera on 14 July 2020 and
15 July 2020

IT IS HEREBY ORDERED as follows:

1.      That Alexander Lawson of Alvarez & Marsal Cayman Islands Limited and Wing Sze
        Tiffany Wong of Alvarez & Marsal Asia Limited are hereby appointed joint provisional
        liquidators ("**JPLs**") of the Company.

2.      The JPLs shall not be required to give security for their appointment.

3.      The powers of the JPLs appointed pursuant to paragraph 1 above shall be limited to
        doing all things necessary and incidental to developing and proposing a restructuring of
        the Company's indebtedness in a manner designed to allow the Company to continue as

a going concern, with a view to making arrangement with the Company's creditors, including (without limitation) a compromise or arrangement by way of a scheme of arrangement pursuant to section 86 of the Companies Law (the "**Restructuring Proposal**").

4.  For the purposes set out in paragraph 3 above and without prejudice to the powers retained by the board of directors (the "**Board**") of the Company pursuant to paragraphs 12 and 14 below, until further Order, the JPLs are authorised to exercise, within and outside of the Cayman Islands, and without further sanction of the Court, the following powers:

(i)  as representatives of the Company, and if so advised, to seek relief under Chapter 15 of the United States Bankruptcy Code and to take such steps arising in connection therewith as the JPLs may consider appropriate.

(ii)  as representatives of the Company, and if so advised, to seek recognition in any other jurisdiction, including, without limitation Hong Kong, the People's Republic of China ("**PRC**") and the British Virgin Islands, together with such other relief as the JPLs may consider necessary for the proper exercise of their functions within those jurisdictions, and to take steps arising in connection therewith that the JPLs may consider appropriate;

(iii)  to do all things necessary to implement the Restructuring Proposal in consultation with the Board;

(iv)  to monitor, oversee and supervise the Board, including attending any Board meetings as an observer, with a view to the continuation of the business of the Company under the control of the Board so as to effect a maximisation of returns to the stakeholders of the Company pending the implementation of the Restructuring Proposal;

(v)  to monitor, oversee and supervise the Board in its management of the Company with a view to developing and proposing any compromise or arrangement with the Company's creditors;

| 2

(vi)     to do all acts and to execute in the name of and on behalf of the Company, all deeds, receipts and other documents and for that purpose to use, when necessary, the seal (if any) of the Company;

(vii)    to request and receive from third parties documents and information concerning the Company and its promotion, formation, business dealings, accounts, assets, liabilities or affairs;

(viii)   to take any steps necessary at law or in equity to locate, protect, secure and take into their possession and control all assets and property to which the Company is or appears to be entitled and for that purpose to demand all debts due;

(ix)     to take any steps necessary at law or in equity to locate, protect, secure and take into their possession and control the books, papers, and records of the Company including the accountancy and statutory records of the Company and the circumstances which gave rise to its insolvency;

(x)      to deal with all questions in any way relating to or affecting the assets of the Company or the Restructuring Proposal;

(xi)     to retain attorneys and professional advisors, in the Cayman Islands, Hong Kong, the United States of America, PRC and elsewhere, as the JPLs may consider necessary to advise and assist them in the performance of their duties and to remunerate them for their reasonable fees and expenses out of the assets of the Company as an expense of the provisional liquidation;

(xii)    to liaise with the Company's legal and financial advisors and to remunerate them for their reasonable fees and expenses out of the assets of the Company as an expense of the provisional liquidation;

(xiii)   to open bank accounts on behalf of the Company (in provisional liquidation) for the purpose of paying the costs and expenses of the provisional liquidation;

(xiv)    to draw, accept, make and indorse any bill of exchange or promissory note or borrow funds for the purpose of the day to day expenses of the provisional



liquidation, in the name and on behalf of the Company, with the same effect with respect of the Company's liability as if the bill or note had been drawn, accepted, made or indorsed or the loan had been entered into by or on behalf of the Company in the course of its business;

(xv)     to communicate with regulatory bodies, and carry out any necessary filings therewith as appropriate, including, without limitation, the Cayman Islands Registrar of Companies, the Financial Reporting Authority, the Director of Public Prosecutions, the Hong Kong Joint Financial Intelligence Unit, the Securities and Exchange Commission of the United States, and the Ministry of Finance of the PRC, in the name and on behalf of the Company;

(xvi)    to make payments to trade creditors which may have the effect of preferring such trade creditors, in order to minimise the interruption to the day-to-day activities of the Company;

(xvii)   to prove, rank, and claim in the bankruptcy, insolvency or sequestration of any contributory for any balance against the estate of such contributory, and to receive dividends in the bankruptcy, insolvency or sequestration in respect of that balance, as a separate debt due from the bankrupt, insolvent or sequestrated contributory and rateably with the other separate creditors;

(xviii)  to discharge debts incurred by the Company after the commencement of these proceedings as expenses or disbursements properly incurred in the provisional liquidation;

(xix)    to engage staff (whether or not as employees of the Company and whether located in the Cayman islands or elsewhere) to assist them in the performance of their duties for the purpose of the proceedings herein and to remunerate them out of the assets of the Company as an expense of the provisional liquidation;

(xx)     to bring or defend legal proceedings and make all such applications to this Court whether in their own names or in the name of the Company on behalf of and for the benefit of the Company including any applications for:



| 4

(a)    orders for disclosure, the production of documents and/or examination of third parties which it is anticipated may be made by the JPLs to facilitate their investigations into the assets and affairs of the Company and the circumstances which gave rise to its insolvency; and/or

(b)    ancillary relief such as freezing orders, search and seizure orders in any legal proceedings commenced.

(xxi)    to authorise the Board to exercise such of the above powers relating to the Company on such terms as the JPLs consider fit;

(xxii)    to establish a creditors' committee in the same manner as contemplated by Order 9 of the Companies Winding Up Rules, 2018;

(xxiii)    to do all other things necessary and incidental to the exercise of the powers set out above.

5.    The JPLs are directed to, to the extent practicable in the circumstances, to discuss and consult with the Board (or any relevant sub-committee thereof) any exercise of the powers conferred on them pursuant to this Order in relation to any decision made by them with respect to material matters concerning the Company.

6.    For the avoidance of doubt, for so long as provisional liquidators are appointed to the Company, pursuant to section 97(1) of the Companies Law, no suit, action or other proceeding, including criminal proceedings, shall be proceeded with or commenced against the Company except with the leave of the Court and subject to such terms as the Court may impose.

7.    For the avoidance of any doubt, no payment or other disposition made or effected by or with the authority or approval of the JPLs in carrying out their duties and functions and in the exercise of their powers under this Order shall be avoided by virtue of the provisions of section 99 of the Companies Law.

8.    Notwithstanding section 99 of the Companies Law the Company shall be permitted to continue to operate bank accounts in its name, and the Company shall be permitted to



| 5

register the transfer of fully paid up shares in the Company and the Company's shares may continue to be traded in the same manner as they were traded immediately before the making of this Order.

9.  Notwithstanding any provisions of the Company's Articles of Association, and for so long as the JPLs are appointed:

   (a)   any change of the members of the Board and the members of the Board's sub-committees, other than by the resolution of shareholders or by resignation, shall be approved by the JPLs before such change becomes effective, provided that the JPLs shall not unreasonably withhold their approval; and

   (b)   No new shares shall be issued nor shall any rights attaching to any shares be altered without the prior approval of the JPLs.

10.   For the avoidance of doubt, the JPLs are not empowered to do anything which interferes with the rights of any receiver over any shares in or assets of any immediate or indirect subsidiary of the Company.

11.   In the event that a winding-up order is made against the Company, any fees and expenses of the JPLs, including all costs, charges and expenses of any attorneys and all other agents, managers, accountants and other persons that they may employ, which are payable in accordance with the terms of the orders which may be made by this Court, and which are outstanding at the date of the winding-up order, shall be treated as fees and expenses properly incurred in preserving, realising or getting in the assets of the Company for the purposes of Order 20 of the Companies Winding Up Rules, 2018, subject to any further order that the Court might make.

12.   Save as are specifically set out herein and until further order, the Board shall retain all powers of management conferred upon it by the Company immediately prior to the date of this Order, subject to the JPLs' oversight and monitoring of the exercise of such powers in relation to matters related to the ordinary course of business, and in relation to matters outside of the ordinary course of business of the Company, granting prior approval of the exercise of such powers.

| 6

13.    In the event that the JPLs and the Board cannot agree upon a proposed course of action
outside the ordinary course of the Company's business, the JPLs and the Board have
liberty to apply to the Court for directions.

14.    Specifically, and without limitation to the foregoing, the Board shall continue to retain the
following powers:

(a)    to continue to conduct the ordinary, day-to-day, business of the Company, and its
direct and indirect subsidiaries including for the avoidance of doubt the hiring and
firing of employees;

(b)    to continue to operate bank accounts of the Company in the ordinary course of
the Company's business; and

(c)    subject to the approval and consent of the JPLs, to open and close bank
accounts on behalf of the Company.

15.    The Company shall provide the JPLs with such information as the JPLs may reasonably
require in order that the JPLs should be able properly to discharge his functions under
this Order and as officers of this Court.

16.    The JPLs and the Board shall seek to agree a protocol which sets out the terms upon
which the JPLs and the Board shall cooperate with respect to the management of the
Company.

17.    The JPLs shall submit a report to the Court on the conduct of the provisional liquidation
by no later than 30 October 2020 and at other intervals as the Court may direct.

18.    The remuneration and expenses of the JPLs, including the expenses associated with the
exercise of their powers, shall be paid out of the assets of the Company subject to
approval of the Court.

19.    All applications to the Court for the approval of the JPLs' fees shall relate to the work
carried out during the periods covered by the Reports and shall be made within 7 days of
the submission of each such Report.

| 7

20.   The powers exercisable by the JPLs pursuant to this order may be exercised jointly and severally.

21.   The appointment of the JPLs be advertised in English once in the Cayman Islands Gazette and once in the International edition of The Wall Street Journal, and once in English in the South China Morning Post, and in Chinese once in an appropriate newspaper in the People's Republic of China with national circulation, as soon as reasonably practicable.

22.   The Affidavits and Affirmations set out in Schedule 2 hereto, and their respective Exhibits, (and any further versions of such Affidavits and Affirmations and Exhibits to be filed in final sworn or approved form), be sealed and kept confidential, and the Company's Skeleton Argument for the hearing on 14 July 2020 and 15 July 2020 and any recording or transcript of the hearing on 14 July 2020 and 15 July 2020 also be sealed and kept confidential.

23.   The JPLs do have liberty to apply.

24.   The costs of this application shall be taxed and paid out of the assets of the Company.

Dated this  /5<sup>-th</sup>  day of July 2020

Filed this **15th**   day of July 2020

The Honourable Chief Justice
Judge of the Grand Court, Financial Services Division

This Order was filed by Conyers Dill & Pearman, attorneys-at-law for the Company, whose address for service is 2nd Floor, SIX, Cricket Square, Grand Cayman, Cayman Islands, KY1-1111

| 8

**SCHEDULE 1**

The First Affidavit of Jordan David Henry McErlean
The First Affirmation of Jinyi Guo
The First Affidavit of Alexander Lawson
The First Affidavit of Wing Sze Tiffany Wong
The First Affidavit of Jamie McGee

**SCHEDULE 2**
**(CONFIDENTIAL AFFIDAVITS AND AFFIRMATIONS SUBJECT TO SEALING ORDER)**

The Second Affidavit of Jordan David Henry McErlean
The Third Affidavit of Jordan David Henry McErlean
The Fourth Affidavit of Jordan David Henry McErlean
The Fifth Affidavit of Jordan David Henry McErlean
The Second Affirmation of Jinyi Guo
The Third Affirmation of Jinyi Guo
The Fourth Affirmation of Jinyi Guo

**<u>Exhibit B</u>**
**(Disclosure Required Under 11 U.S.C. § 1515(c) and Rule 1007(a)(4))**

Thomas Califano, Esq. (TC5283)
R. Craig Martin, Esq. (RCM1971)
Erik F. Stier, Esq. (*pro hac vice* admission pending)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020
Phone: (212) 335-4500
Fax: (212) 335-4501

*Counsel to Petitioners Alexander Lawson*
*and Wing Sze Tiffany Wong in their capacities as*
*Joint Provisional Liquidators of Luckin*
*Coffee Inc. (in Provisional Liquidation)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
In re:                                                      :     Case No. 21-_____ (___)
                                                            :
LUCKIN COFFEE INC. (IN PROVISIONAL          :     Chapter 15
LIQUIDATION),                                       :
                Debtor in a Foreign Proceeding.     :
------------------------------------------------------------ x

**STATEMENTS OF FOREIGN DEBTOR REQUIRED BY**
**SECTION 1515(C) OF THE BANKRUPTCY CODE AND RULE 1007(A)(4)**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Alexander Lawson and Wing Sze Tiffany Wong, in their capacity as the duly authorized Joint

Provisional Liquidators (in such capacity, jointly, the "**Foreign Representatives**") of Luckin

Coffee Inc. (in Provisional Liquidation) (the "**Foreign Debtor**") as a debtor in a provisional

liquidation proceeding under Part V of the Cayman Islands Companies Law (2021 Revision) (the

"**Companies Act**") pending before the Grand Court of the Cayman Islands (the "**Cayman**

**Court**"), Financial Services Division, Cause No. 157 of 2020 (ASCJ) (the "**Cayman**

**Proceeding**") by and through their undersigned counsel, hereby make the following statements

required by section 1515(c) of title 11 of the United States Code (the "**Bankruptcy Code**") and

Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").

- 2 -

## A. STATEMENT REQUIRED BY SECTION 1515(c) OF THE BANKRUPTCY CODE

The Foreign Representatives submit that, to the best of their knowledge, other than the

Cayman Proceeding, there are no foreign proceedings concerning the Foreign Debtor.

## B. ALL AUTHORIZED PROVISIONAL LIQUIDATORS OF THE FOREIGN DEBTOR IN THE CAYMAN PROCEEDING, EACH AUTHORIZED TO ACT INDIVIDUALLY OR TOGETHER JOINTLY

Alexander Lawson (Joint Provisional Liquidator of the Foreign Debtor)
Alvarez & Marsal Cayman Islands Limited
Flagship Building, PO Box 2507
2nd Floor, 70 Harbour Drive, George Town
Grand Cayman, KY1-1104, Cayman Islands

Wing Sze Tiffany Wong (Joint Provisional Liquidator of the Foreign Debtor)
Alvarez & Marsal Asia Ltd
Rooms 405-7, 4/F, St. George's Building
2 Ice House St, Central, Hong Kong

## C. PARTIES TO LITIGATION PENDING IN THE UNITED STATES

The Foreign Debtor is a defendant in the following litigation pending in the United States

(the "**Shareholder Actions**"):

- *In re Luckin Coffee Inc. Securities Litigation*, Case No. 20-cv-01293 (S.D.N.Y. Feb. 13, 2020) (the "**Federal Class Action**");

- *Kingstown Capital Management, L.P.,* et al. *v. Luckin Coffee Inc.*, et al., Index No. 20-cv-07029 (S.D.N.Y., Aug. 28, 2020) (the "**Kingstown Action**");

- *In re Luckin Coffee Inc. Securities Litigation*, Index No. 651939/2020 (Sup. Ct. N.Y., December 23, 2020) (the "**Consolidated New York State Action**");

- *Nuveen Winslow Large-Cap Growth SEG Fund, et al. v. Lu et al.*, Index No. 655177/2020 (Sup. Ct. N.Y., December 30, 2020) (the "**Nuveen Winslow Action**");

- *In re Luckin Coffee Inc. Derivative Litigation*, Index No. 0652800/2020 (Sup. Ct. N.Y., June 29, 2020) (the "**New York Derivative Action**"); and

- *August Bequai v. Luckin Coffee, Inc.*, 059 GV 20019430-00 (Va. Gen. Dist. Ct, Fairfax County, December 21, 2020) (the "**Virginia Action**").

- 3 -

The table below sets forth the parties to the Shareholder Actions:

| Federal Class Action | |
| --- | --- |
| **Party** | **Notice Address** |
| Sjunde AP-Fonden<br>Lead Plaintiff | Gerald H. Silk<br>Salvatore J. Graziano<br>John Rizio-Hamilton<br>Jai Chandrasekhar<br>Kate W. Aufes<br>Bernstein Litowitz Berger & Grossmann LLP<br>1251 Avenue Of The Americas<br>New York, NY 10020<br>(212) 554-1282<br>Email:Jerry@blbglaw.com<br>Email: salvatore@blbglaw.com<br>Email: johnr@blbglaw.com<br>Email: jai@ blbglaw.com<br>Email: jai@ blbglaw.com<br>Email: kate.aufes@blbglaw.com<br><br>Sharan Nirmul<br>Gregory M. Castaldo<br>Richard A. Russo, Jr.<br>Lisa M. Port<br>Nathan A. Hasiuk<br>Kessler  Topaz Meltzer & Check, LLP<br>280 King of Prussia Road<br>Radnor, Pennsylvania 19087<br>(610) 667-7706<br>(610) 667-7056 (fax)<br>snirmul@ktmc.com<br>gcastaldo@ktmc.com<br>rrusso@ktmc.com<br>llambport@ktmc.com<br>nhasiuk@ktmc.com |
| Louisiana Sheriffs Pension & Relief Fund<br>Lead Plaintiff | Gerald H. Silk<br>Salvatore J. Graziano<br>John Rizio-Hamilton<br>Jai Chandrasekhar<br>Kate W. Aufes<br>Bernstein Litowitz Berger & Grossmann LLP<br>1251 Avenue Of The Americas<br>New York, NY 10020<br>(212) 554-1282 |

| | |
|---|---|
| | Email:Jerry@blbglaw.com<br>Email: salvatore@blbglaw.com<br>Email: johnr@blbglaw.com<br>Email: jai@ blbglaw.com<br>Email: jai@ blbglaw.com<br>Email: kate.aufes@blbglaw.com<br><br>Sharan Nirmul<br>Gregory M. Castaldo<br>Richard A. Russo, Jr.<br>Lisa M. Port<br>Nathan A. Hasiuk<br>Kessler  Topaz Meltzer & Check, LLP<br>280 King of Prussia Road<br>Radnor, Pennsylvania 19087<br>(610) 667-7706<br>(610) 667-7056 (fax)<br>Email: snirmul@ktmc.com<br>Email:gcastaldo@ktmc.com<br>Email:rrusso@ktmc.com<br>Email:llambport@ktmc.com<br>Email:nhasiuk@ktmc.com |
| Luckin Coffee Inc.<br>Defendant | Lawrence J. Portnoy<br>Brian S. Weinstein<br>450 Lexington Avenue<br>New York, NY 10017<br>(212) 450-4000<br>(212) 701-5800 (Fax)<br>Email: lawrence.portnoy@davispolk.com<br>Email:brian.weinstein@davispolk.com<br><br>Jonathan K. Chang<br>Davis Polk & Wardell, LLP<br>18/F, The Hong Kong Club Building<br>3A Chater Road, Hong Kong SAR<br>+852-2533-1028<br>+852-2533-4358 (Fax)<br>Email: jonathan.chang@davispolk.com |
| Jenny Zhiya Qian<br>Defendant | *None recorded* |
| Reinout Hendrik Schakel<br>Defendant | *None recorded* |
| Sean Shao<br>Defendant | *None recorded* |

EAST\177202683.2

| | |
|---|---|
| Thomas P. Meier<br>Defendant | Jason Jacob Mendro<br>Gibson, Dunn & Crutcher LLP (DC)<br>1050 Connecticut Ave NW<br>Washington, DC 20036<br>(202) 887-3726<br>Email:Jmendro@gibsondunn.com |
| Charles Zhengyao Lu<br>Consolidated Defendant | *None recorded* |
| Jian Liu<br>Consolidated Defendant | *None recorded* |
| Hui Li<br>Consolidated Defendant | *None recorded* |
| Erhai Liu<br>Consolidated Defendant | *None recorded* |
| Jinyi Guo<br>Consolidated Defendant | *None recorded* |
| Credit Suisse Securities (USA) LLC<br>Consolidated Defendant | David George Januszewski<br>Herbert S. Washer<br>Sheila C. Ramesh<br>Samuel G. Mann<br>Cahill Gordon & Reindel LLP<br>32 Old Slip 10005<br>New York, NY<br>(212) 701-3352<br>Email:Djanuszewski@cahill.com<br>Email: hwasher@cahill.com<br>Email: sramesh@cahill.com<br>Email: smann@cahill.com |
| Morgan Stanley & Co. LLC<br>Consolidated Defendant | David George Januszewski<br>Herbert S. Washer<br>Sheila C. Ramesh<br>Samuel G. Mann<br>Cahill Gordon & Reindel LLP<br>32 Old Slip<br>New York, NY 10005<br>(212) 701-3352<br>Email:Djanuszewski@cahill.com<br>Email: hwasher@cahill.com<br>Email: sramesh@cahill.com<br>Email: smann@cahill.com |
| China International Capital Corporation<br>Hong Kong Securities Limited<br>Consolidated Defendant | David George Januszewski<br>Herbert S. Washer<br>Sheila C. Ramesh<br>Adam S. Mintz |

- 6 -

| | Samuel G. Mann<br>Cahill Gordon & Reindel LLP<br>32 Old Slip<br>New York, NY 10005<br>212-701-3352<br>Email: djanuszewski@cahill.com<br>Email: hwasher@cahill.com<br>Email: sramesh@cahill.com<br>Email: amintz@cahill.com<br>Email: smann@cahill.com |
|---|---|
| Haitong International Securities Company Limited<br>Consolidated Defendant | David George Januszewski<br>Herbert S. Washer<br>Sheila C. Ramesh<br>Adam S. Mintz<br>Samuel G. Mann<br>Cahill Gordon & Reindel LLP<br>32 Old Slip<br>New York, NY 10005<br>212-701-3352<br>Email: djanuszewski@cahill.com<br>Email: hwasher@cahill.com<br>Email: sramesh@cahill.com<br>Email: amintz@cahill.com<br>Email: smann@cahill.com |
| Keybanc Capital Markets Inc.<br>Consolidated Defendant | David George Januszewski<br>Herbert S. Washer<br>Sheila C. Ramesh<br>Samuel G. Mann<br>Cahill Gordon & Reindel LLP<br>32 Old Slip<br>New York, NY 10005<br>(212) 701-3352<br>Email:Djanuszewski@cahill.com<br>Email: hwasher@cahill.com<br>Email: sramesh@cahill.com<br>Email: smann@cahill.com |
| Needham & Company, LLC<br>Consolidated Defendant | David George Januszewski<br>Herbert S. Washer<br>Sheila C. Ramesh<br>Samuel G. Mann<br>Cahill Gordon & Reindel LLP<br>32 Old Slip<br>New York, NY 10005 |

- 7 -

|  | (212) 701-3352<br>Email:Djanuszewski@cahill.com<br>Email: hwasher@cahill.com<br>Email: sramesh@cahill.com<br>Email: smann@cahill.com |
|--|--|

| **Kingstown Action** | |
|--|--|
| **Party** | **Notice Address** |
| Kingstown Capital Management, LP,<br>Kingstown Partners Master Ltd., Kingstown<br>Partners II, L.P., Ktown, LP, Kingfishers,<br>LP, Kingstown 1740 Fund LP<br>Plaintiffs | Sigmund Samuel Wissner-Gross<br>Brown Rudnick LLP (NYC)<br>Seven Times Square<br>New York, NY 10036<br>(212) 209-4930<br>Email:Swissnergross@brownrudnick.com |
| Luckin Coffee Inc.<br>Defendant | Lawrence Portnoy<br>Brian S. Weinstein<br>Davis Polk & Wardell, LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>(212) 450-4000<br>(212) 701-5800 (Fax)<br>Email: lawrence.portnoy@davispolk.com<br>Email: brian.weinstein@davispolk.com<br><br>Jonathan K. Chang<br>Davis Polk & Wardell, LLP<br>18/F, The Hong Kong Club Building<br>3A Chater Road, Hong Kong SAR<br>+852-2533-1028<br>+852-2533-4358 (Fax)<br>Email: jonathan.chang@davispolk.com |
| Charles Zhengyao Lu<br>Defendant | *None recorded* |
| Jenny Zhiya Qian<br>Defendant | *None recorded* |
| Jian Liu<br>Defendant | *None recorded* |
| Reinout Hendrik Schakel<br>Defendant | *None recorded* |
| Hui Li<br>Defendant | *None recorded* |
| Jinyi Guo<br>Defendant | *None recorded* |

- 8 -

| | |
|---|---|
| Erhai Liu<br>Defendant | *None recorded* |
| Sean Shao<br>Defendant | *None recorded* |
| Thomas P Meier<br>Defendant | *None recorded* |
| Needham & Company, LLC<br>Defendant | David George Januszewski<br>Herbert S. Washer<br>Sheila C. Ramesh<br>Samuel G. Mann<br>Cahill Gordon & Reindel LLP<br>32 Old Slip<br>New York, NY 10005<br>(212) 701-3352<br>Email:Djanuszewski@cahill.com<br>Email: hwasher@cahill.com<br>Email: sramesh@cahill.com<br>Email: smann@cahill.com |
| Morgan Stanley & Co. LLC<br>Defendant | David George Januszewski<br>Herbert S. Washer<br>Sheila C. Ramesh<br>Samuel G. Mann<br>Cahill Gordon & Reindel LLP<br>32 Old Slip<br>New York, NY 10005<br>(212) 701-3352<br>Email:Djanuszewski@cahill.com<br>Email: hwasher@cahill.com<br>Email: sramesh@cahill.com<br>Email: smann@cahill.com |
| China International Capital Corp. Hong<br>Kong Securities Ltd.<br>Defendant | *None recorded* |
| Haitong Int'l Securities Co., Ltd.<br>Defendant | *None recorded* |
| Credit Suisse Securities (USA) LLC<br>Defendant | David George Januszewski<br>Herbert S. Washer<br>Sheila C. Ramesh<br>Samuel G. Mann<br>Cahill Gordon & Reindel LLP<br>32 Old Slip<br>New York, NY 10005<br>(212) 701-3352<br>Email:Djanuszewski@cahill.com<br>Email: hwasher@cahill.com<br>Email: sramesh@cahill.com |

- 9 -

| | Email: smann@cahill.com |
|---|---|
| Keybanc Capital Markets Inc.<br>Defendant | David George Januszewski<br>Herbert S. Washer<br>Sheila C. Ramesh<br>Samuel G. Mann<br>Cahill Gordon & Reindel LLP<br>32 Old Slip<br>New York, NY 10005<br>(212) 701-3352<br>Email:Djanuszewski@cahill.com<br>Email: hwasher@cahill.com<br>Email: sramesh@cahill.com<br>Email: smann@cahill.com |
| Ernst & Young Hua Ming LLP<br>Defendant | *None recorded* |

| Consolidated New York State Action | |
|---|---|
| **Party** | **Notice Address** |
| Kimson Chemical, Inc., Teamsters Local 710<br>Pension Fund, Michael Bergenholtz, and<br>City of Fort Myers Police Officers'<br>Retirement Systems<br>Plaintiffs | Michael C. Dell'Angelo<br>Barbara A. Podell<br>Andrew Abramowitz<br>Berger Montague PC<br>1818 Market Street, Suite 3600<br>Philadelphia, PA<br>(215) 875-3000<br>mdellangelo@bm.net<br>bpodell@bm.net<br>aabramowitz@bm.net<br><br>Edward F. Haber<br>Adam M. Stewart<br>Shapiro Haber & Urmy LLP<br>Two Seaport Lane<br>Boston, MA 02210<br>617-439-3939<br>Email: ehaber@shulaw.com<br>Email: astewart@shulaw.com<br><br><br>Samuel Rudman<br>Brian E. Cochran<br>Avital O. Malina<br>Robbins Geller Rudman & Dowd |

- 10 -

| | 58 South Service Rd, Ste 200<br>Melville, NY 11747<br>(631) 367-7100<br>Email: srudman@rgrdlaw.com<br>　　　bcochran@rgrdlaw.com<br>　　　amalina@rgrdlaw.com<br><br>Additional Counsel for Plaintiffs<br><br>Robert C. Schubert (N.Y. Bar No. 3503)<br>Willem F. Jonckheer<br>Noah M. Schubert<br>Schubert Jonckheer & Kolbe LLP<br>Three Embarcadero Center, Suite 1650<br>San Francisco, California 94111<br>(415) 788-4220<br>Email: rschubert@sjk.law<br>　　　wjonckheer@sjk.law<br>　　　nschubert@sjk.law<br><br>Scott Christiansen<br>Christiansen & Dehner, P.A.<br>63 Sarasota Center Blvd., Suite 107<br>Sarasota, FL 34240<br>(941) 377-2200<br>(941) 377-4848 (Fax)<br><br>Liaison Counsel for Plaintiffs<br><br>David C. Harrison<br>Lowey Dannenberg, P.C.<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>(914) 997-0500<br>(914) 997-0035 (Fax)<br>Email: dharrison@lowey.com |
| Luckin Coffee Inc.<br>Defendant | Lawrence Portnoy<br>Brian S. Weinstein<br>Davis Polk & Wardell, LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>(212) 450-4000<br>(212) 701-5800 (Fax)<br>Email: lawrence.portnoy@davispolk.com<br>　　　brian.weinstein@davispolk.com |

- 11 -

|  | Jonathan K. Chang<br>Davis Polk & Wardell, LLP<br>18/F, The Hong Kong Club Building<br>3A Chater Road, Hong Kong SAR<br>+852-2533-1028<br>+852-2533-4358 (Fax)<br>Email: jonathan.chang@davispolk.com |
|---|---|
| Cogency Global Inc. and Richard Arthur<br>Defendants | Joanna Diakos<br>K&L Gates LLP<br>599 Lexington Avenue<br>New York, NY 10022-4954<br>(212) 536-3900<br>(212) 536-3901 (Fax)<br>Email: joanna. diakoskordalis@klgates.com |
| Chiang Sheung Lin<br>Defendant | *None recorded* |

- 12 -

| | |
|---|---|
| Jenny Zhiya Qian<br>Defendant | *None recorded* |
| Charles Zhengyao Lu<br>Defendant | *None recorded* |
| Reinout Hendrik Schakel<br>Defendant | *None recorded* |
| Jian Liu<br>Defendant | *None recorded* |
| Jinyi Guo<br>Defendant | *None recorded* |
| Hui Li<br>Defendant | *None recorded* |
| Erhai Liu<br>Defendant | *None recorded* |
| Sean Shao<br>Defendant | *None recorded* |
| Thomas P. Meier<br>Defendant | Jason J. Mendro<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5306<br>(202) 887-3726<br>(202) 530-9626 (Fax)<br>Email: JMendro@gibsondunn.com |
| Lucky Cup Holdings Limited and Fortunate Cup Holdings Limited<br>Defendants | Brendon DeMay<br>Holwell Shuster & Goldberg LLP<br>425 Lexington Avenue<br>New York, New York 10017<br>646-837-5167<br>646-837-8365 (Fax)<br>Email: bdemay@hsgllp.com |
| Haode Investment Inc., Primus Investments Fund, L.P., Mayer Investments Fund, L.P., and Summer Fame Limited<br>Defendants | Claudine Columbres<br>Taylor A. Allen<br>White & Case LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>(212) 819-8421<br>(212) 354-8113 (Fax)<br>Email: ccolumbres@whitecase.com<br>        taylor.allen@whitecase.com |
| China International Capital Corporation Hong Kong Securities Limited, Haitong International Securities Company Limited, Credit Suisse Securities (USA) LLC, Morgan Stanley & Co. LLC, Needham & Company, LLC, and KeyBanc Capital Markets Inc.<br>Defendants | David G. Januszewski<br>Herbert S. Washer<br>Sheila C. Ramesh<br>Samuel G. Mann<br>Cahill Gordon & Reindel LLP<br>32 Old Slip<br>New York, New York 10005 |

- 13 -

| | (212) 701-3000<br>Email: djanuszewski@cahilI.com<br>Email: hwasher@cahill.com<br>Email: sramesh@cahill.com<br>Email: smann@cahill.com |
|---|---|

| **Nuveen Winslow Action** | |
|---|---|
| **Party** | **Notice Address** |
| Nuveen Winslow Large-Cap Growth ESG Fund, Nuveen Winslow Socially Aware U.S. Large-Cap Growth Fund, Winslow Large-Cap Growth Fund, MainStay Winslow Large Cap Growth Fund, MainStay VP Winslow Large Cap Growth Portfolio, St. John's University, I.B.E.W. Local Union 481 Defined Contribution Plan and Trust, St. Mary's University, Justin Kelly Revocable Trust, Justin And Susan Kelly Family, LLC, The Justin and Susan Kelly Foundation, Justin Kelly, Individually and as a Representative of the Justin Kelly Revocable Trust, and American Medical Association<br>Plaintiffs | Lawrence M. Rolnick<br>Marc B. Kramer<br>Michael J. Hampson<br>Brandon Fierro<br>Rolnick Kramer Sadighi LLP<br>1251 Avenue of the Americas, 18th Floor<br>New York, NY 10020<br>(212) 597-2800<br>Email: lrolnick@rksllp.com<br>Email: Mkramer@rksllp.com<br>Email: mhampson@rksllp.com<br>Email: bfierro@rksllp.com |
| Luckin Coffee Inc.<br>Defendant | Lawrence Portnoy<br>Brian S. Weinstein<br>Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, NY 10017<br>(212) 450-4000<br>Email: lawrence.portnoy@davispolk.com<br>Email: brian.weinstein@davispolk.com<br><br>Jonathan K. Chang<br>Davis Polk & Wardwell LLP<br>18/F, The Hong Kong Club Building<br>3A Chater Road, Hong Kong SAR<br>+852-2533-1028<br>Email: jonathan.chang@davispolk.com |
| Charles Zhengya Lu<br>Defendant | *None recorded* |
| Jenny Zhiya Qian<br>Defendant | *None recorded* |
| Jian Liu<br>Defendant | *None recorded* |

- 14 -

| | |
|---|---|
| Reinout Hendrik Schakel<br>Defendant | *None recorded* |
| Jinyi Guo<br>Defendant | *None recorded* |
| Hui Li<br>Defendant | *None recorded* |
| Erhai Liu<br>Defendant | *None recorded* |
| Sean Shao<br>Defendant | *None recorded* |
| Thomas P. Meier<br>Defendant | *None recorded* |
| Credit Suisse Securities (USA) LLC<br>Defendant | David George Januszewski<br>Herbert S. Washer<br>Sheila C. Ramesh<br>Samuel G. Mann<br>Cahill Gordon & Reindel LLP<br>32 Old Slip<br>New York, NY 10005<br>(212) 701-3352<br>Email:Djanuszewski@cahill.com<br>Email: hwasher@cahill.com<br>Email: sramesh@cahill.com<br>    Email: smann@cahill.com |
| China International Capital Corporation<br>Hong Kong Securities Limited<br>Defendant | *None recorded* |
| Haitong International Securities Company<br>Limited<br>Defendant | *None recorded* |
| Morgan Stanley & Co. LLC<br>Defendant | David George Januszewski<br>Herbert S. Washer<br>Sheila C. Ramesh<br>Samuel G. Mann<br>Cahill Gordon & Reindel LLP<br>32 Old Slip<br>New York, NY 10005<br>(212) 701-3352<br>Email:Djanuszewski@cahill.com<br>Email: hwasher@cahill.com<br>Email: sramesh@cahill.com<br>Email: smann@cahill.com |
| KeyBanc Capital Markets Inc.<br>Defendant | David George Januszewski<br>Herbert S. Washer<br>Sheila C. Ramesh |

- 15 -

| | Samuel G. Mann |
|---|---|
| | Cahill Gordon & Reindel LLP |
| | 32 Old Slip |
| | New York, NY 10005 |
| | (212) 701-3352 |
| | Email:Djanuszewski@cahill.com |
| | Email: hwasher@cahill.com |
| | Email: sramesh@cahill.com |
| | Email: smann@cahill.com |
| Needham & Company, LLC<br>Defendant | David George Januszewski<br>Herbert S. Washer<br>Sheila C. Ramesh<br>Samuel G. Mann<br>Cahill Gordon & Reindel LLP<br>32 Old Slip<br>New York, NY 10005<br>(212) 701-3352<br>Email:Djanuszewski@cahill.com<br>Email: hwasher@cahill.com<br>Email: sramesh@cahill.com<br>Email: smann@cahill.com |

| New York Derivative Action | |
|---|---|
| **Party** | **Notice Address** |
| Steven Hunter, Derivatively on Behalf of<br>Luckin Coffee Inc.<br>Plaintiff | Ralph M. Stone<br>Johnson Fistel, LLP<br>1700 Broadway, 41st Floor<br>New York, NY 10019<br>(212) 292-5690<br>Email: RalphS@johnsonfistel.com<br><br>Michael I. Fistel, Jr.<br>Johnson Fistel, LLP<br>40 Powder Springs Street<br>Marietta, GA 30064<br>470-632-6000<br>Email: MichaelF@johnsonfistel.com<br><br>Brian J. Robbins<br>Stephen J. Oddo<br>Robbins LLP<br>5040 Shoreham Place<br>San Diego, CA 92120<br>619-525-3990 |

- 16 -

| | Email: brobbins@robbinsllp.com<br>Email: soddo@robbinsllp.com |
|---|---|
| Joseph Vitarello, Derivatively on Behalf of<br>Luckin Coffee Inc.<br>Plaintiff | Ralph M. Stone<br>Johnson Fistel, LLP<br>1700 Broadway, 41st Floor<br>New York, NY 10019<br>(212) 292-5690<br>Email: RalphS@johnsonfistel.com<br><br>Michael I. Fistel, Jr.<br>Johnson Fistel, LLP<br>40 Powder Springs Street<br>Marietta, GA 30064<br>470-632-6000<br>Email: MichaelF@johnsonfistel.com<br><br>Brian J. Robbins<br>Stephen J. Oddo<br>Robbins LLP<br>5040 Shoreham Place<br>San Diego, CA 92120<br>619-525-3990<br>Email: brobbins@robbinsllp.com<br>Email: soddo@robbinsllp.com |
| Charles Zhengyao Lu<br>Defendant | *None recorded* |
| Jenny Zhiya Qian<br>Defendant | *None recorded* |
| Jian Liu<br>Defendant | *None recorded* |
| Jinyi Guo<br>Defendant | *None recorded* |
| David Hui Li<br>Defendant | *None recorded* |
| Erhai Liu<br>Defendant | *None recorded* |
| Sean Shao<br>Defendant | *None recorded* |
| Thomas P. Meier<br>Defendant | *None recorded* |
| Reinout Hendrik Schakel<br>Defendant | *None recorded* |
| Credit Suisse Securities (USA) LLC<br>Defendant | *None recorded* |
| Morgan Stanley & Co. LLC<br>Defendant | *None recorded* |

- 17 -

| | |
|---|---|
| China International Capital Corporation Hong Kong Securities Limited Defendant | *None recorded* |
| Haitong International Securities Company Limited Defendant | *None recorded* |
| Luckin Coffee Inc. Nominal Defendant | Lawrence Portnoy Brian S. Weinstein Davis Polk & Wardwell LLP 450 Lexington Avenue New York, NY 10017 (212) 450-4000 Email: lawrence.portnoy@davispolk.com Email: brian.weinstein@davispolk.com<br><br>Jonathan K. Chang Davis Polk & Wardwell LLP 18/F, The Hong Kong Club Building 3A Chater Road, Hong Kong SAR +852-2533-1028 Email: jonathan.chang@davispolk.com |
| Credit Suisse Securities (USA) LLC Defendant | David George Januszewski Herbert S. Washer Sheila C. Ramesh Samuel G. Mann Cahill Gordon & Reindel LLP 32 Old Slip New York, NY 10005 (212) 701-3352 Email:Djanuszewski@cahill.com Email: hwasher@cahill.com Email: sramesh@cahill.com Email: smann@cahill.com |
| Morgan Stanley & Co. LLC Defendant | David George Januszewski Herbert S. Washer Sheila C. Ramesh Samuel G. Mann Cahill Gordon & Reindel LLP 32 Old Slip New York, NY 10005 (212) 701-3352 Email:Djanuszewski@cahill.com Email: hwasher@cahill.com Email: sramesh@cahill.com Email: smann@cahill.com |

- 18 -

| Virginia Action | |
|---|---|
| **Party** | **Notice Address** |
| August Bequai<br>Plaintiff | Williams Law Firm<br>1420 Spring Hill Rd Ste 600<br>Mclean, VA 22102<br>703-821-8700 |
| Luckin Coffee Inc.<br>Defendant | James W. Hundley, P.C.<br>1921 Gallows Road, Suite 750<br>Tysons Corner, Virginia 22182<br>(703) 883-0880<br>Email:  jhundley@brigliahundley.com<br><br>Lawrence J. Portnoy<br>Brian S. Weinstein<br>450 Lexington Avenue<br>New York, NY 10017<br>(212) 450-4000<br>(212) 701-5800 (Fax)<br>Email: lawrence.portnoy@davispolk.com<br>Email: brian.weinstein@davispolk.com<br><br>Jonathan K. Chang<br>Davis Polk & Wardell, LLP<br>18/F, The Hong Kong Club Building<br>3A Chater Road, Hong Kong SAR<br>+852-2533-1028<br>+852-2533-4358 (Fax)<br>Email: jonathan.chang@davispolk.com |

## D.  ENTITIES AGAINST WHOM PROVISIONAL RELIEF IS SOUGHT

Bankruptcy Rule 1007(a)(4) provides, in relevant part, that "a foreign representative filing a petition for recognition under chapter 15 shall file with the petition . . . unless the court orders otherwise, a list containing the names and addresses of . . . all entities against whom provisional relief is being sought under §1519 of the Code." Fed. R. Bankr. P.1007(a)(4).

The Joint Provisional Liquidators are not seeking provisional relief at this time because they are not aware of any imminent threat to the Foreign Debtor's assets located in the United States or to the Cayman Proceeding by virtue of actions in the United States. If circumstances

- 19 -

change or the Foreign Representatives become aware of additional facts, the Foreign Representatives reserve all rights to seek provisional relief pursuant to section 1519 of the Bankruptcy Code to protect the Foreign Debtor and its assets.

The information provided is based on the review of the Foreign Debtor's books and records. The Foreign Representatives reserve the right to modify or supplement any of the information provided here.

*[Signature Page Follows]*

Dated:  New York, New York
   February 5, 2021

Respectfully submitted,

**DLA PIPER LLP (US)**
By: */s/  R. Craig Martin*

Thomas R. Califano, Esq.
R. Craig Martin, Esq.
Erik F. Stier, Esq.
1251 Avenue of the Americas
New York, New York 10020
Tel:  (212) 335-4500
Fax:  (212) 335-4501
Email:  thomas.califano@dlapiper.com
   craig.martin@dlapiper.com
   erik.stier@dlapiper.com

*Attorneys for the Foreign Representatives*

Debtor Name: **Luckin Coffee Inc.**

United States Bankruptcy Court for the: <u>Southern District of New York</u>

Case number (*If known*):_____

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule* _____

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204) U*

☒    *Other document that requires a declaration* **Statements of Foreign Representative Required by Section 1515(c) of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 5, 2021

**✕/s/ Alexander Lawson**
Signature of individual signing on behalf of debtor

<u>Alexander Lawson</u>
Printed name
<u>Foreign Representative</u>
Position or relationship to debtor

## **Exhibit C**

**(Corporate Ownership Statement Under Bankruptcy Rule 7007.1)**

Thomas Califano, Esq. (TC5283)
R. Craig Martin, Esq. (RCM1971)
Erik F. Stier, Esq. (*pro hac vice* admission pending)
**DLA PIPER LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020
Phone: (212) 335-4500
Fax: (212) 335-4501

*Counsel to Petitioners Alexander Lawson*
*and Wing Sze Tiffany Wong in their capacities as*
*Joint Provisional Liquidators of Luckin*
*Coffee Inc. (in Provisional Liquidation)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
In re:                                                    :    Case No. 21-_____ (___)
                                                          :
LUCKIN COFFEE INC. (IN PROVISIONAL         :    Chapter 15
LIQUIDATION),                                             :
              Debtor in a Foreign Proceeding.   :
------------------------------------------------------------ x

### CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(A)(4) AND 7007.1 AND LOCAL BANKRUPTCY RULE 1007-3

In accordance with Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy

Procedure and Rule 1007-3 of the Local Rules for the United States Bankruptcy Court for the

Southern District of New York, Alexander Lawson of Alvarez & Marsal Cayman Islands Limited

and Wing Sze Tiffany Wong of Alvarez & Marsal Asia Limited, in their capacities as joint

provisional liquidators (in this capacity, jointly and severally, the "**Joint Provisional**

**Liquidators**" or "**Foreign Representatives**") of Luckin Coffee Inc. (in Provisional Liquidation)

(the "**Foreign Debtor**" or "**Luckin Coffee**") under Part V of the Cayman Islands Companies Law

(2021 Revision) (the "**Companies Act**") in a provisional liquidation proceeding pending before

the Grand Court of the Cayman Islands (the "**Cayman Court**"), Financial Services Division Cause

No. 157 of 2020 (ASCJ) (the "**Cayman Proceeding**"), certify that the following entities hold,

directly or indirectly, 10% or more of the outstanding shares of the Foreign Debtor.

| Shareholder / Member name | % of A shares | % of B shares |
|---|---|---|
| Haode Investment Inc. (in liquidation)[1] | 18.04917719% | |
| Centurium Capital[2] | | 99.99996408% |

*[Declaration Page Follows]*

---

[1]      Represents Class A ordinary shares held by Haode Investment Inc. and Class A ordinary shares held by Primus Investments Fund, L.P.  Primus Investments Fund, L.P. is wholly owned by Haode Investment Inc.  As further detailed in the Verified Petition, KPMG is the liquidator controlling Haode Investment Inc. and Primus Investment Fund, L.P.

[2]      Represents Class B ordinary shares held by Lucky Cup Holdings Limited and Class B ordinary shares held by Fortunate Cup Holdings Limited.

Debtor Name: **Luckin Coffee Inc.**

United States Bankruptcy Court for the: <u>Southern District of New York</u>

Case number (*If known*):_____

<u>Official Form 202</u>

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule* _____

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204) U*

☒    *Other document that requires a declaration* **Statements of Foreign Representative Required by Section 1515(c) of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 5, 2021

**✗/s/ Alexander Lawson**
Signature of individual signing on behalf of debtor

<u>Alexander Lawson</u>
Printed name
<u>Foreign Representative</u>
Position or relationship to debtor